Garland E. **WALTON**, III, Appellant–Defendant,

v.

**STATE of Indiana, Appellee–Plaintiff.**

No. 48A02–0609–CR–819.

Court of Appeals of Indiana.

May 22, 2007.

Jonathan C. Goehring, Anderson, IN, Attorney for Appellant.

Stephen R. Carter, Attorney General of Indiana, Scott L. Barnhart, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

---

**3.** A trial court may, of course, choose to reject a plea agreement with such waiver provisions.

## OPINION

GARRARD, Senior Judge.

Walton pled guilty to robbery, a Class B felony, as part of a plea bargain, which was accepted by the court. He now brings a belated direct appeal contending that the state breached the plea agreement.

Under the terms of the agreement the sentence was left open to the court with not more than ten years to be ordered executed. Additionally, the agreement provided that if Walton did not have a criminal record, the prosecutor would recommend a ten year sentence with six years to be executed and four years suspended. A dispute arose as to the correct interpretation of "criminal record."[1] Walton was eventually sentenced to an executed term of ten years.

On appeal Walton contends his plea was not voluntary because the state breached the plea agreement. He asks that the guilty plea be set aside.

He has chosen the wrong vehicle by bringing a belated direct appeal.

In *Collins v. State*, 817 N.E.2d 230, 233 (Ind.2004) our supreme court held that the process to challenge *the merits* of a sentencing decision, i.e. the *terms of the sentence which were imposed*, where the court has exercised sentencing discretion[2] is by direct appeal, or by Post–Conviction Rule 2 for a belated direct appeal.

On the other hand, where a defendant wishes to challenge the conviction itself, where he contends that the plea should be set aside because it was not knowingly, intelligently or voluntarily entered, the

remedy has long been exclusively through P–C.R. 1. *Jones v. State*, 675 N.E.2d 1084, 1089 (Ind.1996); *Tumulty v. State*, 666 N.E.2d 394, 395 (Ind.1996); *Crain v. State*, 261 Ind. 272, 301 N.E.2d 751 (1973).

Since Walton's sole contention is that his plea was involuntary, it follows that no potential relief may be afforded by a direct appeal.[3]

The appeal is therefore dismissed.

SHARPNACK, J., and VAIDIK, J., concur.

---

1. Walton apparently had no prior convictions, but another criminal charge was pending against him.

2. Often referred to as an open plea.

3. We note that both the argument about the meaning of "criminal record" and the non-binding nature of any recommendation by the prosecutor were explained to Walton at the sentencing hearing, and he said that he wished to proceed.