**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**

ATTORNEY FOR APPELLANT:

**JAMES K. WISCO**
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**JOSEPH Y. HO**
Deputy Attorney General
Indianapolis, Indiana

FILED
Apr 09 2013, 9:13 am

CLERK
of the supreme court,
court of appeals and
tax court

# IN THE
# COURT OF APPEALS OF INDIANA

DARNELL CHIVERS,                           )
                                           )
    Appellant-Defendant,               )
                                           )
      vs.                            )     No.  24A01-1205-PC-206
                                           )
STATE OF INDIANA,                          )
                                           )
    Appellee-Plaintiff.                )

APPEAL FROM THE FRANKLIN CIRCUIT COURT
The Honorable J. Steven Cox, Judge
Cause No. 24C01-0603-FB-161

**April 9, 2013**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**BAILEY, Judge**

## Case Summary

Darnell Chivers ("Chivers") appeals the denial of his petition for post-conviction relief, which challenged his conviction following his plea of guilty to one count of Armed Robbery, as a Class B felony,[1] and two counts of Criminal Confinement, as Class B felonies.[2]

We affirm.

## Issues

Chivers raises three issues for our review, which we consolidate and restate as whether the post-conviction court erroneously denied his petition for relief because:

I.      He was denied effective assistance of counsel; and

II.     His guilty plea was involuntary.

## Facts and Procedural History

On March 10, 2006, the State charged Chivers with one count of Armed Robbery, as a Class B felony, and two counts of Criminal Confinement, as Class B felonies.  On January 31, 2007, the State alleged that Chivers was a habitual offender.  (App. at 19.)  On August 14, 2008, the trial court appointed Tammy R. Davis to serve as counsel for Chivers.  At some point before September 16, 2008, the State offered Chivers a plea agreement.  (App. at 25-26.)  According to the agreement, if Chivers agreed to plead guilty as charged, the State agreed to dismiss the habitual offender allegation.  (App. at 20.)  The plea agreement specified that Chivers was to be sentenced to twenty years imprisonment for each of the three

---

[1] Ind. Code § 35-42-5-1(1).

[2] I.C. §§ 35-42-3-3(a)(1), (b)(2)(A) (2002).  The relevant statutory provision was modified, effective July 1, 2006.

counts, with all three terms run concurrently. (App. at 20-21.) On September 24, 2008, Chivers pleaded guilty as charged, and pursuant to the plea agreement the State dismissed the habitual offender allegation. On October 27, 2008, Chivers filed a pro-se motion to withdraw his guilty plea, which the trial court denied the following day. On October 29, 2008, the trial court sentenced Chivers to twenty years imprisonment for each of the three counts, with all three terms run concurrently. Chivers did not pursue a direct appeal from the entry of these convictions.

On February 9, 2009, Chivers filed a pro-se petition for post-conviction relief. The post-conviction court held hearings on April 4 and 11, 2012, and denied Chivers's petition for post-conviction relief on April 18, 2012. Chivers now appeals.

**Discussion and Decision**

When a post-conviction court disposes of a petition for post-conviction relief, it "shall make specific findings of fact, and conclusions of law on all issues presented, whether or not a hearing is held." Ind. Post-Conviction Rule 1(6). Here, the post-conviction court made no findings of fact or conclusions of law. (App. at 89.) However, failure to enter specific findings of fact and conclusions of law is not reversible error. Allen v. State, 749 N.E.2d 1158, 1170 (Ind. 2001), cert. denied. Instead, we review the petitioner's claim de novo. Id.

The petitioner in a post-conviction proceeding bears the burden of establishing grounds for relief by a preponderance of the evidence. P-C.R. 1(5); Perry v. State, 904 N.E.2d 302, 307 (Ind. Ct. App. 2009), trans. denied. When appealing from the denial of post-conviction relief, the petitioner stands in the position of one appealing from a negative

3

judgment. Perry, 904 N.E.2d at 307. On review, we will not reverse the judgment unless the evidence as a whole unerringly and unmistakably leads to a conclusion opposite that reached by the post-conviction court. Id.

### Ineffective Assistance of Counsel

Chivers contends that he was denied effective assistance of counsel. Ineffectiveness of counsel claims are evaluated under the Strickland standard. Williams v. State, 706 N.E.2d 149, 154 (Ind. 1999) (citing Strickland v. Washington, 466 U.S. 668 (1984)). To prevail on a claim of ineffective assistance of counsel, a petitioner must show both deficient performance and resulting prejudice. Id. A deficient performance is a performance which falls below an objective standard of reasonableness. Id. Prejudice exists when a claimant shows "'there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'" Id. (quoting Strickland, 466 U.S. at 694). "'A reasonable probability is a probability sufficient to undermine confidence in the outcome.'" Id. (quoting Strickland, 466 U.S. at 694). The two prongs of the test are separate and independent inquiries. Timberlake v. State, 753 N.E.2d 591, 603 (Ind. 2001). If a claim of ineffective assistance of counsel can be disposed under the second prong of the test—the prejudice prong—"'that course should be followed.'" Id. (quoting Williams, 706 N.E.2d at 154).

A post-conviction claim challenging conviction pursuant to a guilty plea is examined under Segura v. State, 749 N.E.2d 496 (Ind. 2001). Segura identifies two main categories of ineffective assistance of counsel cases: (1) failure to advise the defendant on an issue that

4

impairs or overlooks a defense; and (2) incorrect advisement as to penal consequences. Smith v. State, 770 N.E.2d 290, 295 (Ind. 2002). Chivers argues that he was denied effective assistance of counsel under both Segura categories.

*Failure to Advise on an Issue that Impairs or Overlooks a Defense*

Chivers contends that his trial counsel failed to develop or present certain evidence that allegedly would have helped develop an effective defense on his behalf, thus denying him effective assistance of counsel.[3] More specifically, Chivers contends that counsel failed to depose his co-defendant, failed to develop a defense based on an acquittal by an Ohio court of the charge of "Failure to Comply with Order/Signal Police Officer" (App. at 48), and failed to elicit testimony from certain police officers.

In order to set aside a conviction because of an attorney's failure to raise a defense, a petitioner who has pleaded guilty must establish that there is a reasonable probability that he or she would not have been convicted had he or she gone to trial and used the omitted defense. Willoughby v. State, 792 N.E.2d 560, 564 (Ind. Ct. App. 2003), trans. denied.

Here, Chivers failed to present evidence to the post-conviction court establishing what defense he would have raised, and that he would not have been convicted had he gone to trial and used the omitted defense; rather his claims in this regard are no more than bald assertions. Having failed to adduce evidence and carry his burden before the post-conviction court, we cannot conclude the court erred in denying his post-conviction claims in this

---

[3] Chivers also contends that he was denied effective assistance of counsel because his attorney failed to help him withdraw his guilty plea. (Appellant's Br. at 14.) This argument essentially attacks the voluntariness of his plea, which we address below. See infra.

respect.

*Incorrect Advisement of Penal Consequences*

Chivers next contends that his trial counsel was ineffective because she failed to properly advise him of the penal consequences of his plea. He points to a letter in which counsel informed him of a plea offer pursuant to which the State would dismiss the habitual offender allegation. In the letter, she advises him that dismissal of the habitual offender allegation "would eliminate [his] additional 50 year exposure." (App. at 26.) Chivers contends that the habitual offender allegation would have increased his potential sentence by only thirty years, and that, had his attorney correctly advised him, he would not have pleaded guilty.

In order to set aside a conviction because of an attorney's incorrect advisement of penal consequences, "a petitioner must establish, by objective facts, circumstances that support the conclusion that counsel's errors in advice as to penal consequences were material to the decision to plead." Segura, 749 N.E.2d at 507. "[S]pecific facts, in addition to the petitioner's conclusory allegation[ that he would not have pleaded], must establish an objective reasonable probability that competent representation would have caused the petitioner not to enter a plea." Id.

Here, the State alleged that Chivers was a habitual offender because of two prior, unrelated felony convictions in Ohio. (App. at 19.) Adjudication as a habitual offender would have enhanced Chivers's sentence by up to thirty years. See I.C. § 35-50-2-8. Davis's letter to Chivers appears to state, inaccurately, that adjudication as a habitual offender would

6

have exposed Chivers to an additional prison sentence of up to fifty years. (App. at 26.)

However, Chivers nonetheless received a substantial benefit from his plea agreement with the State. The State's dismissal of the habitual offender allegation, pursuant to the plea agreement, completely eliminated Chivers's exposure to the potential additional thirty-year sentence. As such, Chivers has failed to establish an objective reasonable probability that he would not have pleaded guilty had his attorney correctly advised him as to the potential penal consequences. We find no error in the post-conviction court's denial of relief in this respect.

Voluntariness of Guilty Plea

Finally, Chivers challenges the voluntariness of his guilty plea on two grounds: (1) the guilty plea purported to dismiss a habitual offender enhancement for which there had been no probable cause or good-faith basis; and (2) the trial court failed to determine whether Chivers was aware of the maximum and minimum sentences associated with the offenses with which he was charged.

Generally, a defendant cannot raise a claim that his plea was not entered into knowingly or voluntarily upon direct appeal, but rather must seek remedy through Post-Conviction Rule 1. Walton v. State, 866 N.E.2d 820, 821 (Ind. Ct. App. 2007) (citing Tumulty v. State, 666 N.E.2d 394, 395-96 (Ind. 1996)). However, where a defendant moves under Indiana Code section 35-35-1-4 to withdraw a guilty plea before sentencing, and such motion has been denied by the trial court, "a direct appeal is the proper appellate procedure." Mills v. State, 868 N.E.2d 446, 452 (Ind. 2007). If the defendant fails to raise the issue on direct appeal, it is waived and may not be raised in a proceeding for post-conviction relief.

7

<u>Id.</u>

Here, Chivers filed a motion to withdraw his guilty plea, which the trial court denied. (App. at 10-11, 54-55.)  Following sentencing, Chivers did not pursue a direct appeal, and instead petitioned for post-conviction relief.  (App. at 11.)  Therefore, the issue of whether his guilty plea was entered into voluntarily is not properly before us on appeal from denial of post-conviction relief.

## Conclusion

Chivers was not denied effective assistance of counsel.  His motion to withdraw his guilty plea having been denied by the trial court, and having failed to raise on direct appeal his contention that his guilty plea was not entered into knowingly and voluntarily, he cannot now raise the issue on appeal from denial of post-conviction relief.

Affirmed.

VAIDIK, J., and BROWN, J., concur.