# FOR PUBLICATION



FILED
Apr 28 2014, 9:33 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**ANDREW J. BALDWIN**
Baldwin Adams & Kamish, PC
Franklin, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**KATHERINE MODESITT COOPER**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

JOHN M. WEIDMAN,                          )
                                          )
                                          )
    Appellant-Defendant,              )
                                          )
      vs.                            )    No. 03A01-1306-CR-255
                                          )
STATE OF INDIANA,                         )
                                          )
                                          )
    Appellee-Plaintiff.               )

APPEAL FROM THE BARTHOLOMEW CIRCUIT COURT
The Honorable Stephen R. Heimann, Judge
Cause Nos. 03C01-1102-FA-898, 03C01-1205-FC-2659

**April 28, 2014**

**OPINION – FOR PUBLICATION**

**MATHIAS, Judge**

John M. Weidman ("Weidman") pleaded guilty in Bartholomew Circuit Court to Class C felony dealing in marijuana, two counts of Class D felony attempted receiving stolen property, Class D felony dealing in marijuana, and Class D felony possession of marijuana. The trial court sentenced Weidman to an executed term of fourteen years, and Weidman appeals, claiming that he should have been given credit for the time he spent on electronic monitoring as a condition of bond. Because Weidman specifically agreed in his plea agreement that he was not entitled to credit for time that he was on electronic monitoring, we affirm.

## Facts and Procedural History

The State charged Weidman on February 14, 2011 under Cause No. 03C01-1102-FA-898 ("Cause No. FA-898") with Class A felony dealing in cocaine, Class B felony dealing in cocaine, Class C felony dealing in marijuana, two counts of Class D felony attempted receiving stolen property, and Class D felony dealing in marijuana. The trial court set Weidman's bond at $150,000 or 10% cash; thus, Weidman needed $15,000 cash to bond out. Weidman subsequently filed motions to reduce his bond to $60,000 or 10% cash, which the trial court granted. After Weidman posted a $6,000 cash bond, he was released and placed on electronic monitoring on March 21, 2011. Shortly thereafter, Weidman filed a motion requesting that his bond be increased to $150,000 or 10% cash and that he be released from electronic monitoring. The trial court denied this motion.

While Weidman was on electronic monitoring, the police discovered a large amount of marijuana in a house owned by Weidman that was adjacent to Weidman's own home. As a result, Weidman was charged on May 23, 2012 with Class D felony

2

possession of marijuana in Cause No. 03C01-1205-FC-2659 ("Cause No. FC-2659"). Weidman did not post bond on this charge.

On December 21, 2012, Weidman and the State entered into an agreement in which Weidman would plead guilty in Cause No. FA-898 to Class C felony dealing in marijuana, Class D felony dealing in marijuana, and two counts of Class D felony attempted receiving stolen property. As part of this plea deal, Weidman also agreed to plead guilty in Cause No. FC-2659 to Class D felony possession of marijuana. The trial court held a hearing on the matter on January 24, 2013, and at this hearing, Weidman argued that he should receive credit for the time he had been released on bond on electronic monitoring. At the conclusion of this hearing, the trial court rejected the plea agreement.

On April 15, 2013, Weidman and the State again entered into a plea agreement in which Weidman agreed to plead guilty in Cause No. FA-898 to Class C felony dealing in marijuana, Class D felony dealing in marijuana, and two counts of Class D felony attempted receiving stolen property; in Cause No. FC-2659, Weidman again agreed to plead guilty to Class D felony possession of marijuana. The parties also agreed that the sentences on the dealing in marijuana convictions would be served concurrently and that the sentences on the attempted receiving stolen property convictions would be served concurrently but that these two groups of concurrent sentences would be served consecutively to each other. The agreement also provided that the sentence in Cause No. FC-2659 would be served consecutively to the sentences in Cause No. FA-898. Lastly, as part of the plea agreement, Weidman specifically agreed that he was not entitled to

3

credit time toward his sentences for the period of time that he was on electronic monitoring as a condition of his release on bond. At the conclusion of the hearing, the trial court accepted the plea and sentenced Weidman to the maximum under the terms of the plea—fourteen years incarceration. Weidman now appeals.

**Discussion and Decision**

Weidman argues that he is entitled to credit for the time he was on electronic monitoring as a condition of his release on bond. However, as noted above, Weidman specifically agreed in his plea agreement that he was not entitled to such credit. Absent any claim that his plea was not knowingly or voluntarily entered, Weidman is bound by this provision. See State v. Holloway, 980 N.E.2d 331, 334 (Ind. Ct. App. 2012) ("All parties are bound to the terms of a plea agreement accepted by the court, but the plea agreement will only be valid if it was knowingly and willingly agreed to.") (citing Lee v. State, 816 N.E.2d 35, 38 (Ind. 2004); Creech v. State, 887 N.E.2d 73, 75 (Ind. 2008)). And here, Weidman makes no argument that his plea was involuntary.

Nor does it matter that Weidman now claims that his right to credit time is of constitutional dimension. A defendant may enter into a plea agreement that provides for the waiver of constitutional rights; indeed, "[d]efendants waive a whole panoply of rights by voluntarily pleading guilty." Mapp v. State, 770 N.E.2d 332, 334-35 (Ind. 2002). These waived rights include the right to a jury trial, the right against self-incrimination, the right of appeal, and the right to attack collaterally one's plea based on double jeopardy. See id. Our supreme court has also held that a defendant may waive in a

4

voluntary plea agreement the constitutional right to appellate review of a sentence. Creech, 887 N.E.2d at 75.

We therefore conclude that Weidman waived his right to claim that he was entitled to credit for the time he was on electronic monitoring. To allow such a challenge now would be to permit him to benefit from the terms of the plea agreement without upholding his end of the bargain struck in the plea agreement. See Mapp, 770 N.E.2d at 335 (noting permitting defendant to challenge his sentence on double jeopardy grounds would "deprive both prosecutors and defendants of the ability to make precisely the kind of bargain that was made here."). And Weidman did benefit; in exchange for his plea, the State dismissed serious charges, and the trial court ordered the sentences on some of Weidman's convictions to be served concurrently.

**Conclusion**

Weidman specifically agreed in his plea agreement that he was not entitled to credit for the time he was on electronic monitoring as a condition of his release on bond. Accordingly, he may not now claim that he was entitled to credit for the time he was on electronic monitoring. As this is the only challenge Weidman makes to his sentence, we affirm the judgment of the trial court.

Affirmed.

FRIEDLANDER, J., and PYLE, J., concur.