**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



APPELLANT PRO SE:

**RICHARD P. GORMAN**
Branchville, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**MARJORIE LAWYER-SMITH**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| RICHARD P. GORMAN, ) | |
| ) | |
| Appellant-Defendant, ) | |
| ) | |
| vs. ) | No. 82A05-1403-CR-135 |
| ) | |
| STATE OF INDIANA, ) | |
| ) | |
| Appellee-Plaintiff. ) | |

APPEAL FROM THE VANDERBURGH CIRCUIT COURT
The Honorable David D. Kiely, Judge
Cause No. 82C01-0402-FB-160

**October 22, 2014**

**MEMORANDUM DECISION – NOT FOR PUBLICATION**

**BARNES, Judge**

**Case Summary**

Richard Gorman appeals the denial of his motion for release of bond.  We affirm.

**Issue**

The issue is whether the trial court properly withheld funds from Gorman's bond payment to pay court costs and a public defender fee.

**Facts**

On February 17, 2004, the State charged Gorman with one count of Class B felony dealing in methamphetamine.  The trial court ordered bond set at $10,000 surety or $1,000 cash and appointed a public defender to represent Gorman.  On March 23, 2004, Gorman posted bond with a $1,000 cash payment.  On November 12, 2004, Gorman pled guilty to Class D felony possession of methamphetamine.  One of the terms of the plea agreement provided that Gorman agreed "to relinquish his/her bond money to the Vanderburgh County Public Defender's Fund . . . and to the payment of court costs, fees, and restitution owed in this case."  App. p. 23.

On December 6, 2004, the trial court sentenced Gorman to a term of two years.  It also ordered Gorman to pay a $200 "drug and alcohol interdiction fee" and further stated, "bond ordered released less costs and retention with balance to public defender fund."  Id. at 7.  On December 8, 2004, the trial court imposed courts costs of $136; the CCS for that date also reflects a "countermeasure fee" of $200, but it is unclear whether that was the same thing as the "drug and alcohol interdiction fee."  Id.  On October 19, 2007, a fee of $814 was imposed for public defender costs.  On July 30, 2008, the court costs and public

defender fees were paid from the $1,000 cash bond. The $200 "countermeasure fee" remained unpaid.

On February 18, 2014, Gorman filed a pro se motion for release of the full amount of his bond. The trial court denied the motion. Gorman now appeals.

**Analysis**

Gorman contends the trial court lacked authority to utilize his cash bond payment for payment of any fees or public defender expenses. The State first contends that Gorman waived any ability to challenge the trial court's treatment of his bond because he failed to timely appeal the sentencing order entered on December 6, 2004, which authorized the use of the bond to pay costs and fees. Indiana Appellate Rule 9(A)(5) provides that the right to appeal is "forfeited" unless an appeal is initiated within thirty days of final judgment, or a criminal appellant obtains permission to file a belated appeal under Post-Conviction Rule 2. This court recently addressed a situation very similar to Gorman's, and held that a defendant had waived his right to appeal the trial court's use of his bond money to pay costs and fees where he did not timely initiate an appeal from the trial court's 2005 sentencing order that authorized the use of the bond in that fashion. Dillman v. State, No. 53A05-1306-CR-274 (Ind. Ct. App. Aug. 29, 2014). The Dillman opinion cited Wente v. State, 440 N.E.2d 512, 513 (Ind. Ct. App. 1982), in which we held that the time limits for filing a motion to correct error and initiating appeals were "jurisdictional." As in this case, the defendant in Dillman had attempted to circumvent the long delay in challenging the sentencing order by filing a separate motion for release of bond and appealing the denial

3

of that motion. We held that this was an impermissible collateral attack on the sentencing order. Id.

Subsequent to Dillman, our supreme court issued an opinion altering longstanding law to the effect that a timely notice of appeal was a "jurisdictional" requirement and that an untimely notice of appeal deprived appellate courts of the ability to hear a case. See Davis v. State, 771 N.E.2d 647, 649 (Ind. 2002). Instead, that court has now clarified:

> The untimely filing of a Notice of Appeal is not a jurisdictional defect depriving the appellate courts of the ability to entertain an appeal. Instead, the timely filing of a Notice of Appeal is jurisdictional only in the sense that it is a Rule-required prerequisite to the initiation of an appeal in the Court of Appeals.

In re Adoption of O.R., 21S01-1409-AD-592 (Ind. Sept. 25, 2014). Additionally, the court held that even if the right to appeal has been "forfeited" for not being timely filed, that right may be restored if there are "extraordinarily compelling reasons" to do so. Id. Thus, the failure to timely file a notice of appeal is not the absolute bar to an appeal that it once was. Because O.R. was decided after briefing was completed in this case, neither party has addressed whether "extraordinarily compelling reasons" might justify reinstatement of Gorman's forfeited right to appeal the 2004 sentencing order.[1]

Still, even if we were to conclude that Gorman's failure to timely appeal the original sentencing order did not waive his ability to challenge it, there is a separate basis for finding waiver here. Specifically, it is well-settled that "defendants who plead guilty to achieve

---

[1] It also is unclear from O.R. whether a criminal defendant such as Gorman may ever bypass Post-Conviction Rule 2's procedures for initiating a belated appeal from a conviction.

favorable outcomes give up a plethora of substantive claims and procedural rights," including double jeopardy claims and the ability to challenge sentences falling outside of statutory authority. Lee v. State, 816 N.E.2d 35, 40 (Ind. 2004). When a defendant receives a significant benefit from a plea agreement, he or she is precluded from later challenging an allegedly illegal provision in the agreement. See Stites v. State, 829 N.E.2d 527, 529 (Ind. 2005). A defendant likewise would be precluded from challenging a restitution award in excess of statutory authority if the defendant expressly agreed to such a term in a plea agreement. See In re Flatt-Moore, 959 N.E.2d 241, 244-45 (Ind. 2012).[2] Even rights of a constitutional dimension may be expressly waived by a plea agreement. Weidman v. State, 7 N.E.3d 385, 386-87 (Ind. Ct. App. 2014). Defendants are bound by their plea agreements unless it is shown that the plea was not knowingly or voluntarily entered into. Id. And, claims that a plea agreement was entered into unknowingly or involuntarily can only be brought via a post-conviction relief petition. Walton v. State, 866 N.E.2d 820, 821 (Ind. Ct. App. 2007).

Here, one of the terms of Gorman's plea agreement stated that he agreed "to relinquish his/her bond money to the Vanderburgh County Public Defender's Fund . . . and to the payment of court costs, fees, and restitution owed in this case." App. p. 23. The money withheld from Gorman's $1,000 cash bond payment went towards court costs and the public defender's fund, in accordance with the plea agreement's express terms.

---

[2] In Flatt-Moore, our supreme court held that, although a defendant could agree to a restitution award in excess of statutory authority in a plea agreement and such agreement would be binding, it is a violation of professional conduct rules for a prosecutor to allow a victim complete control over the plea bargaining process and the amount of restitution demanded from the defendant.

Gorman benefited from that plea, in that the State reduced the charge against him from a Class B to a Class D felony and agreed to a sentence of two years, below the three-year maximum for a Class D felony that existed at the time. Even if the plea agreement's term regarding treatment of Gorman's bond was illegal—which the State does not concede and we do not decide—Gorman is precluded from challenging it because he benefitted from the plea. See Stites, 829 N.E.2d at 529. Gorman does not argue he entered into the plea involuntarily or unknowingly, and in any event he could only make such a claim in a post-conviction relief petition.

We do acknowledge Gorman's additional argument that the payment of $814 to the public defender's fund was in excess of the statutory limit that indigent defendants may be ordered to pay to such a fund. We will assume that Gorman can raise that challenge, despite his plea, given that the plea was silent regarding the amount that could be paid to the fund. See Crider v. State, 984 N.E.2d 618, 624-25 (Ind. 2013) (holding defendant could challenge illegal sentence imposed following guilty plea, where plea did not expressly provide for the illegal sentence). Indiana Code Section 35-33-7-6(c)(1) states that a trial court may order a defendant who is appointed counsel in a felony case to pay $100 to a public defender fund. However, the trial court paid the $814 to the public defender's fund from Gorman's $1,000 cash bond payment, which was in lieu of a $10,000 surety bond. Under the bond statute in effect at the time of Gorman's conviction, in the event a defendant posted a 10% cash bond, the trial court was permitted to withhold "[p]ublicly paid costs of representation" from the bond payment and deposit such funds in the appropriate public

6

defender fund. Ind. Code § 35-33-8-3.2(a) & (b) (2004).[3] This court interpreted this statute as permitting the withholding of more than $100 in public defender fees from a bond payment in the event a defendant posted a 10% bond. Obregon v. State, 703 N.E.2d 695, 696 (Ind. Ct. App. 1998). Thus, the trial court here was permitted to withhold more than $100 from Gorman's 10% bond for payment to the public defender's fund. To the extent Gorman argues the trial court should have conducted a hearing to determine whether his public defender actually incurred $814 in fees in representing him, he cites no authority for that proposition; as such, that argument is waived. See Cooper v. State, 854 N.E.2d 831, 834 n.1 (Ind. 2006) (citing Ind. Appellate Rule 46(A)(8)(a)).

## Conclusion

Because of his guilty plea, Gorman generally waived his ability to challenge the trial court's use of his cash bond payment to pay court costs and public defender fees. We also find no error in the trial court's withholding of $814 from the bond to go to the local public defender's fund. We affirm the denial of Gorman's motion for release of bond.

Affirmed.

BRADFORD, J., and BROWN, J., concur.

---

[3] The bond statute was materially altered in 2006 to require trial courts to obtain an agreement from a defendant regarding use of a bond to pay costs, fines, and fees if the defendant wishes to post a 10% bond and is subsequently convicted. See Wright v. State, 949 N.E.2d 411, 414 (Ind. Ct. App. 2011). The statute in effect in 2004 did not require the trial court to obtain such an agreement.