## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Feb 05 2016, 8:58 am

*Kevin S. Smith*

**CLERK**
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT

Kurt A. Young
Nashville, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Tyler G. Banks
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Raymond D. Tyson,<br>*Appellant-Defendant,*<br><br>v.<br><br>State of Indiana,<br>*Appellee-Plaintiff.* | February 5, 2016<br><br>Court of Appeals Case No.<br>49A04-1506-CR-607<br><br>Appeal from the Marion Superior<br>Court<br><br>The Honorable Sheila A. Carlisle,<br>Judge<br><br>Trial Court Cause No.<br>49G03-1407-FB-33786 |

**Riley, Judge.**

## STATEMENT OF THE CASE

Appellant-Defendant, Raymond D. Tyson (Tyson), appeals his conviction for burglary, a Class B felony.

We affirm.

## ISSUE

Tyson raises one issue on his appeal, which we restate as follows: Whether the State presented sufficient evidence to support his conviction beyond a reasonable doubt.

## FACTS AND PROCEDURAL HISTORY

Upon returning home from work on July 8, 2011, between 6:00 and 6:30 p.m., Stephanie Thompson (Thompson) noticed that someone had broken a window above her kitchen sink. Thompson immediately called the police and waited in her car for their arrival. Once the police checked the inside of her residence, Thompson entered the house and made several observations. The exterior door handle was loose and looked like someone had tried to kick it open. In her kitchen, she observed blood on the interior of the broken window glass, on the window frame, and on a cup that was sitting in the sink. Thompson informed the police that several items, including her jewelry, were missing and other items were moved and scattered around. DNA collected from the scene was a match with Tyson, who lived approximately four houses away from Thompson.

[5] On July 2, 2014, the State charged Tyson with burglary, a Class B felony. On April 30, 2015, the trial court conducted a jury trial, where Tyson admitted to breaking Thompson's kitchen window. Tyson was found guilty as charged and, on May 29, 2015, sentenced to eight years at the Department of Correction with six years executed and the remaining two years suspended to one year of probation.

[6] Tyson now appeals. Additional facts will be provided as necessary.

## DISCUSSION AND DECISION

[7] Tyson argues that the evidence was insufficient to support his conviction because the State did not establish the specific intent to commit theft inside the residence.

[8] When reviewing a claim of insufficient evidence, an appellate court considers only the evidence most favorable to the verdict and any reasonable inferences that may be drawn from that evidence. *Baker v. State*, 968 N.E.2d 227, 229 (Ind. 2012). If a reasonable finder of fact could determine from the evidence that the defendant was guilty beyond a reasonable doubt, then we will uphold the verdict. *Id.* We do not reweigh the evidence or judge the credibility of witnesses. *Id.* These evaluations are for the trier of fact, not appellate courts. *Id.* In essence, we assess only whether the verdict could be reached based on reasonable inferences that may be drawn from the evidence presented. *Id.*

[9] Burglary is the breaking and entering of the building or structure of another person with the intent to commit a specific felony therein. *See* Ind. Code § 35-

43-2-1 (2013). Tyson admits that he broke the window. However, he argues that he did not enter the residence and did not take anything from there. Hence, he claims that the evidence was not sufficient to support the inference that he entered the residence with the specific intent to commit theft inside. We disagree.

[10] A burglar's intent to commit a specific felony at the time of the breaking and entering may be inferred from the circumstances. *Baker*, 968 N.E.2d at 229-30. The evidentiary inference pointing to the defendant's intent must be separate from the inference of the defendant's breaking and entering. *Id.* at 230. The same piece of evidence, however, can support both inferences. *Id.*

[11] This case, as correctly pointed out by the State, is similar to *Baker*. In *Baker*, a member of a church noticed a broken window and blood inside the church's basement. *Id.* at 228. Further inspection of the church revealed dents and scratches on the front door which were characterized by witnesses as pry marks, blood and glass near the front door, a broken window screen, and several kitchen cabinets and drawers standing ajar with blood stains on the outside of them. *Id.* DNA collected from the scene matched the defendant's DNA. *Id.*

[12] Tyson here raises the same argument rejected by our supreme court in *Baker*. In that case, the defendant argued that there was no evidence to indicate his intent to commit theft. *Id.* at 231. Our supreme court held that the opening of cabinets and drawers—not being a necessary step in the act of breaking and entering—suggested that the person opening them was looking for property to

steal. *Id*. Therefore, the act of opening the drawers and cabinets alone was enough to support an inference of intent to commit theft. *Id*.

[13] Here, Tyson admitted he broke the window. Further, the record reveals that Thompson's belongings were moved around and had been rummaged through. Thus, this act alone was enough to support an inference of intent to commit theft. Finally, the record reveals that some of the items were actually removed from the residence, which bolstered the already reasonable inference even more. *See id*.

[14] Tyson still asserts that even if there was an entry, it was partial. He argues that an entry like this, falls within the scope of residential entry, citing to *Williams v. State*, 873 N.E.2d 144 (Ind. Ct. App. 2007). We find this argument unpersuasive. In *Williams*, the defendant broke a bedroom window of his girlfriend's residence, promising to "beat her bloody." *Id.* at 145. The defendant was intoxicated. *Id*. He tried to get inside through the shattered window, but was not able to. *Id*. The police found him, covered in his own blood, standing in the front yard. *Id*. We held the partial entry fell within the scope of residential entry and found the evidence sufficient to affirm the conviction. *Id*. at 148.

[15] This case is different from *Williams* because a felony was in fact committed. Tyson completed the entry and rummaged through Thompson's belongings. Tyson was able to offer his explanation to the jury arguing that someone else could have stolen Thompson's items. He explained that the residence was

exposed for several hours after he broke the window. The jury, however, still found Tyson guilty. Accordingly, we find that there is sufficient evidence to establish Tyson's conviction beyond a reasonable doubt.

## CONCLUSION

Based on the foregoing, we conclude the evidence was sufficient to find beyond a reasonable doubt that Tyson entered the residence with intent to commit a felony therein.

Affirmed.

Najam, J. and May, J. concur