## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Feb 05 2016, 9:02 am

*Kevin S. Smith*

**CLERK**
of the supreme court,
court of appeals and
tax court

APPELLANT PRO SE

David Streeter
Pendleton, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Monika Prekopa Talbot
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

David Streeter,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff.*

February 5, 2016

Court of Appeals Case No.
44A03-1505-CR-449

Appeal from the LaGrange Circuit Court

The Honorable J. S. Vanderbeck, Judge

Trial Court Cause No. 44C01-9309-CF-78

**Riley, Judge.**

## STATEMENT OF THE CASE

Appellant-Defendant, David L. Streeter (Streeter), appeals the trial court's denial of his petition to file a belated notice of appeal.

We affirm.

## ISSUE

Streeter raises several issues on appeal, which we consolidate and restate as follows: Whether the trial court abused its discretion by denying Streeter's petition to file a belated notice of appeal.

## FACTS AND PROCEDURAL HISTORY

On September 3, 1993, the State charged Streeter with child molesting, a Class C felony. On February 3, 1994, Streeter filed a motion to enter a guilty plea. On the same day, the trial court held a hearing and it accepted Streeter's guilty plea. On May 5, 1994, the trial court sentenced Streeter to four years at the Department of Correction, all suspended to probation. Streeter did not file a direct appeal, but on September 30, 2013, he filed a *pro se* petition for post-conviction relief. On September 9, 2014, while represented by the State Public Defender, Streeter withdrew his petition for post-conviction relief, and on September 19, 2014, Streeter, again *pro se*, filed a petition for a belated notice of appeal. On February 9, 2015, the trial court held a hearing, during which Streeter was represented by counsel. On March 16, 2015, the trial court denied Streeter's petition.

[5]     Streeter now appeals.  Additional facts will be provided as necessary.

## DISCUSSION AND DECISION

[6]     Streeter appeals the trial court's order denying his petition to file a belated notice of appeal pursuant to Indiana Post-Conviction Rule 2.

[7]     At the outset, we note that Streeter is pursuing the wrong procedure to bring a belated direct appeal under P-C.R. 2.  "A person who pleads guilty is not permitted to challenge the propriety of that conviction on direct appeal." *Collins v. State*, 817 N.E.2d 230, 231 (Ind. 2004).  The proper procedure for an individual who has pled guilty in an open plea to challenge the sentence imposed is to file a direct appeal, or, if the time for filing a direct appeal has run, to file an appeal under P-C.R. 2.  *Id*. at 233; *see also Walton v. State*, 866 N.E.2d 820, 821 (Ind. Ct. App. 2007).  On the other hand, where a defendant wishes to challenge the conviction itself, where he contends that the plea should be set aside because it was not knowingly, intelligently or voluntarily entered, the remedy has long been exclusive through P-C.R. 1.  *Tumulty v. State*, 666 N.E.2d 394, 395 (Ind. 1996), *Walton*, 866 N.E.2d at 821.

[8]     Here, Streeter urges us to reconsider his plea because he claims there was no factual basis for it and he should have been given a competence hearing at the time of his guilty plea.  (Appellant's Br. p. 3).

[9]     Streeter's desire to set aside his guilty plea in this case is similar to the defendant's demand in *Walton*.  In *Walton*, the defendant, after pleading guilty to a felony, asked this court to set the plea aside.  *Walton*, 866 N.E.2d at 821.

The defendant argued that his plea was not voluntary because the state breached the plea agreement. *Id.* We disagreed because the defendant's only challenge was that his plea was involuntary and he chose the wrong vehicle to challenge his guilty plea. *Id.* The defendant should have proceeded under P-C.R. 1. Similarly, since Streeter's only challenge is that his guilty plea was not knowingly, intelligently or voluntarily entered into, it follows that no potential relief may be afforded by a direct appeal. *See id.* Streeter should have proceeded under P-C.R. 1. His appeal should therefore be dismissed.

[10] However, even if we assume that he could proceed under P-C.R. 2, Streeter still fails to persuade us that the trial court abused its discretion in denying his petition.

[11] Initially, we note that no effective relief could be granted to Streeter through direct appeal because his four-year suspended sentence was completed by May 5, 1998. As we stated in *Richardson v. State*, 402 N.E.2d 1012, 1013 (Ind. Ct. App. 1980), the appellate court does not "engage in discussions of moot questions or render advisory opinions." *See also Irwin v. State*, 744 N.E.2d 565, 568 (Ind. Ct. App. 2001). The existence of an actual controversy is required. *Richardson*, 402 N.E.2d at 1013. Once the appellant's "sentence has been served, the issue of the validity of the sentence is rendered moot." *Irwin*, 744 N.E.2d at 568. Accordingly, Streeter's claim on this issue must fail.

[12] Furthermore, it is well established that P-C.R. 2(1) provides a defendant an opportunity to petition the trial court for permission to file a belated notice of

appeal. *Moshenek v. State*, 868 N.E.2d 419, 422 (Ind. 2007). The decision whether to grant permission to file a belated notice of appeal or belated motion to correct error is within the sound discretion of the trial court. *Id*. The defendant bears the burden of proving by preponderance of the evidence that he was without fault in the delay of filing and was diligent in pursuing permission to file a belated motion to appeal. *Id*. at 422-23. There are no set standards of fault or diligence, and each case turns on its own facts. *Id*. at 423. Several factors are relevant to the defendant's diligence and lack of fault in the delay of filing. *Id*. These include the defendant's level of awareness of his procedural remedy, age, education, familiarity with the legal system, whether the defendant was informed of his appellate rights, and whether he committed an act or omission which contributed to the delay. *Id*.

[13] Here, Streeter argues that it was not his fault that he failed to pursue the belated appeal because he was potentially incompetent at the time of his plea and sentencing. However, Streeter provides no evidence to show that he was indeed declared incompetent or even that there were concerns about his competency. To the contrary, the record reveals that Streeter was "reality-oriented" and the only anxiety he displayed was appropriate under the circumstances. (Appellant's App. p. 104). We fail to find any evidence in the record to show that Streeter could have been potentially incompetent to stand trial or plead guilty.

[14] Further, Streeter does not demonstrate that he was diligent in seeking permission to file a belated notice of appeal. He waited for more than nineteen

years to raise the issues of potential errors in his plea or sentencing. Although the passage of time is only one of the factors relevant to establishing diligence, the fact that it stretches into decades makes a belated appeal particularly problematic because of the risk that significant problems will be encountered in any retrial due to unavailable evidence or witnesses or failing memories. *See Moshenek*, 868 N.E.2d at 424.

[15] The only explanation that we receive from Streeter is offered at his petition hearing. Streeter explains that the reason for his belated direct appeal now is that he is currently serving a prison sentence on another conviction, and he wants to try "to launch a collateral attack" on that case, "which has an enhancement based on […] the [old child molesting] case [...]" (Transcript p. 6-7). This explains neither his lack of fault in the delay of filing nor his diligence in pursuing permission to file a belated appeal.

[16] Finally, Streeter argues that the trial court did not issue findings of fact and conclusions of law regarding its denial of his petition, therefore, the trial court's order should be struck. We disagree. We note that P-C.R. 2, unlike P-C.R. 1, places no requirement on the trial court to make specific findings of fact and conclusions of law. *Compare* P-C.R. 1(6) *with* P-C.R. 2. It is within the trial court's discretion to grant or deny a request seeking permission to file a belated notice of appeal, and the trial court's decision will be affirmed so long as there is sufficient evidence in the record supporting its decision. *See Williams v. State*, 873 N.E.2d 144, 146 (Ind. Ct. App. 2007).

[17] As such, because Streeter failed to show that the delay of filing a belated appeal was not his fault and to explain why he waited for nearly two decades to raise the issues of potential errors in his guilty plea and sentencing, we conclude that the trial court did not abuse its discretion in denying his petition and the trial court's decision was sufficiently supported by the record.

## CONCLUSION

[18] Based on the foregoing, we conclude that the trial court did not abuse its discretion in denying Streeter's petition to file a belated appeal.

[19] Affirmed.

[20] Najam, J. and May, J. concur