**Harold S. MAPP, Appellant**
**(Defendant below),**

v.

**STATE of Indiana, Appellee**
**(Plaintiff below).**

No. 48S02–0108–CR–362.

Supreme Court of Indiana.

June 28, 2002.

Angela Sims, Hulse Lacey Hardacre Austin & Shine, P.C., Anderson, IN, Attorney for Appellant.

Steve Carter, Attorney General of Indiana, Christopher Lafuse, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

## PETITION TO TRANSFER

SULLIVAN, Justice.

Harold Mapp pled guilty to cocaine possession and delivering charges and was sentenced to a total of twenty years. We uphold his guilty plea conviction and sentence, finding that in pleading guilty to his crimes, he waived the right to contest his guilty plea on double jeopardy grounds.

### Background

Defendant Harold Mapp was the subject of a "sting operation" by the Indianapolis Police Department in which a confidential informant made a controlled purchase of crack cocaine from Defendant through an intermediary named Leon Earl. During this controlled buy at Defendant's house, the confidential informant saw Defendant give the requested crack to Earl, in return for the confidential informant's money. The confidential informant also observed a bag from which Defendant withdrew the crack rock given to Earl, and then to the confidential informant.

The police returned later that day with a warrant and searched the house where the crack was purchased. The police found Defendant in an upstairs bedroom with a certain amount of money on his person and a bag of crack located nearby. Money seized matched the money given by the police to the confidential informant, and used to buy the cocaine earlier that day.

Defendant was arrested, and charged with two counts. Count I was "possession of an amount of cocaine weighing more than (3) grams with the intent to deliver this cocaine to another person," a class A felony. Count II was "knowingly deliver cocaine to another person," a class B felony. Rather than face trial, Defendant entered into a plea agreement with the State in which he pled guilty to both counts in return for Count I being reduced from a Class A felony to a Class B felony. He was sentenced to twenty years for Count I and fifteen years for Count II, with the sentences to run concurrently, for a total of twenty years.

The Court of Appeals, in an unpublished memorandum decision, vacated Mapp's guilty plea as to Count II. *Mapp v. State,* 742 N.E.2d 1037 (Ind.Ct.App.2001). The court reasoned that because it was clear from the face of the charging instrument that the two counts violated double jeopardy principles, the plea agreement was invalid. *Id.,* slip op. at 6. We granted transfer. *Mapp v. State,* 761 N.E.2d 415 (Ind.2001) (table).

### Discussion

#### I

■ Before addressing the merits, we address the procedural posture of this case. Defendant is before us on a direct appeal challenging the propriety of a plea agreement, not on appeal from the denial of post-conviction relief. In *Tumulty v. State,* we reiterated our long-standing rule that a direct appeal is not the proper procedural avenue for a defendant to attack a plea agreement. 666 N.E.2d 394,

395 (Ind.1996).[1] *Tumulty* reviewed the policy reasons for this rule, one of which is that such claims often require a factual inquiry which appellate courts are not equipped to conduct. The common challenges to the validity of plea agreements— whether there was an adequate factual basis for the plea; whether the plea was knowing, voluntary, and intelligent; whether the defendant was the victim of ineffective assistance of counsel—almost always require factual determinations. The proper venue for challenging a plea agreement is the filing a petition for post-conviction relief, thereby triggering a procedure in which the facts can be litigated. *Id., see* Ind. Post Conviction R. 1.

■ Assuming for the moment that Defendant's legal claim is correct, there is still a predicate factual dispute to be resolved. Defendant contends that he was charged twice for essentially the same criminal conduct—the sale and possession of the same quantity of cocaine. In rebuttal, the State contends that there is evidence to show two separate charges were sustainable. This is the kind of factual dispute that a post-conviction trial court is suited to resolving and that an appellate court is not.

However, because the State did not argue either to the Court of Appeals or to us that we should dismiss this appeal as improper, we elect to address the claim on the merits.

## II

The State contends that the Court of Appeals erred when it vacated Mapp's conviction following his guilty plea to Count II. In reversing, the Court of Appeals held that an exception to the general rule that guilty pleas waive the right to appeal one's conviction on double jeopardy grounds applies where charges are "facially duplicative." *Mapp*, slip op. at 4. Finding that the charges filed against Mapp for possessing cocaine with intent to distribute and dealing cocaine were "facially duplicative," it vacated Mapp's plea agreement with the State. *Id.*, slip op. at 6.

■ We find that Mapp waived his right to challenge his convictions on double jeopardy grounds when he entered his plea agreement. This principle was most recently affirmed in *Games v. State*, 743 N.E.2d 1132, 1135 (Ind.2001). We further hold that there is no exception to this rule for "facially duplicative" charges.[2]

■ Plea bargaining is a tool used by both prosecutors and defendants to expedite the trial process.[3] Defendants waive

---

1. Although a defendant is prohibited from contesting the contents of a plea agreement on direct appeal, *Tumulty*, 666 N.E.2d at 395, a defendant is entitled to contest on direct appeal the merits of a trial court's sentencing discretion, *id.* at 396, and discretion in denying the withdrawal of a guilty plea, *Brightman v. State*, 758 N.E.2d 41, 44 (Ind.2001).

2. The Court of Appeals referred to its decision in *Odom v. State*, 647 N.E.2d 377 (Ind.Ct.App. 1995), *trans. denied*, as authority for the proposition that a plea to "facially duplicative" charges is impermissible. *Odom*'s holding to this effect appears to reflect a misunderstanding of *Menna v. New York*, 423 U.S. 61, 62, 96 S.Ct. 241, 46 L.Ed.2d 195 (1975), which held

that a defendant who has pled guilty to charges which are facially duplicative of *previous* convictions is entitled to challenge the resulting convictions. The charges Mapp challenges may duplicate each other but they do not duplicate "previous convictions." In any event, *Menna* only applies to challenges under the Double Jeopardy Clause of the Fifth Amendment; Mapp has not claimed that any federal double jeopardy violation has occurred. (Appellant's Br. at 5.)

3. "In an era of crowded court dockets and a limited number of judges to hear those growing dockets, defendants who plead guilty save valuable judicial time and resources." *Trueblood v. State*, 715 N.E.2d 1242, 1256 (Ind.

a whole panoply of rights by voluntarily pleading guilty. These include the right to a jury trial, the right against self-incrimination, the right of appeal, and the right to attack collaterally one's plea based on double jeopardy. *See* Ind.Code § 35–35–1–2(a)(2) (1998); *Games*, 743 N.E.2d at 1135. We see no basis for a different rule for facially duplicative charges. To hold otherwise would deprive both prosecutors and defendants of the ability to make precisely the kind of bargain that was made here. That would not be in the interest of either the State or of defendants.

Here, Mapp had a choice. He could either plead guilty to the two crimes with which he was charged—possession of cocaine with intent to distribute and dealing cocaine—or go to trial. In return for his guilty plea, the prosecution agreed to reduce Count I, possession with intent to deliver, from a Class A felony to a Class B felony. This reduction in crime class exposed Mapp to a lesser sentence. Mapp received the benefit of having his maximum possible sentence on any one count reduced from 50 years in prison down to 20 years. In fact, after Mapp pled guilty, the trial court sentenced him to 20 years for Count I, and 15 years for Count II, with the sentences to run concurrently.

### Conclusion

Having granted transfer, the Court of Appeals decision is vacated pursuant to Ind. Appellate Rule 58A. The judgment of the trial court is affirmed.

SHEPARD, C.J., and DICKSON, BOEHM, and RUCKER, JJ., concur.

1999), *cert. denied,* 531 U.S. 858, 121 S.Ct. 143, 148 L.Ed.2d 94 (2000).