**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



ATTORNEY FOR APPELLANT:

**MARK SMALL**
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**RYAN D. JOHANNINGSMEIER**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| CHANSE T. STARR, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No.  90A02-1306-CR-499 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE WELLS CIRCUIT COURT
The Honorable Kenton W. Kiracofe, Judge
Cause No. 90C01-1204-FC-12

**August 11, 2014**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**PYLE, Judge**

Chanse T. Starr ("Starr") appeals his sentence for Class C felony burglary.[1] After pleading guilty, the trial court sentenced Starr to eight (8) years in the Department of Correction and ordered that he serve the sentence consecutively to a previous Allen County conviction for Class C felony corrupt business influence. On appeal, Starr argues that the above-mentioned convictions were a single episode of criminal conduct, and his sentence exceeded the limit imposed by INDIANA CODE § 35-50-1-2(c). He also argues that the convictions violate Indiana's Double Jeopardy Clause. Finding that Starr's convictions are not a single episode of criminal conduct, and that he waived his double jeopardy argument by pleading guilty, we affirm Starr's sentence.

We affirm.

## ISSUES

1.  Whether the trial court abused its discretion in sentencing Starr.

2.  Whether Starr's burglary conviction and corrupt business influence conviction violate Indiana's Double Jeopardy Clause.

## FACTS

On October 17, 2011, Starr and three other people broke into Ugalde's restaurant in Wells County to steal a safe containing a substantial amount of cash. After taking the safe from Ugalde's, Starr helped load the safe into a vehicle and later helped open the safe. On April 10, 2012, the State charged Starr with Class C felony burglary and later filed a notice of intent to allege that Starr was an habitual offender.

---

[1] INDIANA CODE § 35-43-2-1.

On May 2, 2013, Starr and the State filed a motion to enter a written plea of guilty. Starr agreed to plead guilty to the burglary charge, and the State agreed to dismiss the habitual offender enhancement. Starr's sentence was to be decided by the court after argument from the parties. The trial court held a sentencing hearing on May 29, 2013 and sentenced Starr to eight (8) years in the Department of Correction. The trial court ordered that Starr's sentence run consecutive to a previous Allen County conviction for corrupt business influence. Starr now appeals.

DECISION

Starr argues that the trial court abused its discretion in determining his sentence. Specifically, he contends that his burglary conviction and a prior conviction for corrupt business influence in Allen County were a single "episode of criminal conduct" and his sentence between the two exceeds the limits of INDIANA CODE § 35-50-1-2(c). He also claims that the burglary conviction and corrupt business influence conviction violate Indiana's Double Jeopardy Clause. We address Starr's arguments in turn.

1. Abuse of Discretion

Starr claims that the sentence on his burglary conviction from Wells County and his corrupt business influence conviction out of Allen County were a single episode of criminal conduct, and that under INDIANA CODE § 35-50-1-2(c), the longest consecutive sentence he could serve between the two was ten (10) years.

When a court orders a defendant to serve consecutive sentences for multiple felony convictions, a trial court must comply with Indiana Code § 35-50-1-2(c), which provides the following:

> Except for crimes of violence, the total of the consecutive terms of imprisonment . . . to which the defendant is sentenced for felony convictions arising out of an episode of criminal conduct shall not exceed the advisory sentence for a felony which is one (1) class higher than the most serious of the felonies for which the person has been convicted.

Indiana Code § 35-50-1-2(b) defines "episode of criminal conduct" as "a connected series of offenses that are closely related in time, place, and circumstance." In *Tedlock v. State*, 656 N.E.2d 273, 276 (Ind. Ct. App. 1995), this Court adopted the following language as illustrative of what the term "episode of criminal conduct" encompassed: "the singleness of a criminal episode should be based on whether the alleged conduct was so closely related in time, place and circumstances that a complete account of one charge cannot be related without referring to details of the other charge." However, our Indiana Supreme Court clarified that:

> [A]lthough the ability to recount each charge without referring to the other can provide additional guidance on the question of whether a defendant's conduct constitutes an episode of criminal conduct, it is not a critical ingredient in resolving the question. Rather, the statute speaks in less absolute terms: "A connected series of offenses that are closely related in time, place, and circumstance."

*Reed v. State*, 856 N.E.2d, 1189, 1200 (Ind. 2006) (quoting I.C. § 35-50-1-2(b)).

Here, Starr was previously convicted in Allen County of racketeering activities, specifically theft from vehicles parked in public places, which took place from September 29, 2011 to October 20, 2011. Though one of the thefts that comprised the racketeering activity may have taken place close in time to the Wells County burglary, it was not closely related in place and circumstance. Further, we are not persuaded by Starr's assertion that committing one crime to finance another constitutes one episode of

4

criminal conduct. *See, e.g. Tedlock*, 656 N.E.2d at 276 (Defendant selling the same type of security to each of his victims in order to finance his scheme did not make all transactions one criminal episode). Therefore, Starr's convictions were not a single episode of criminal conduct, and the trial court did not abuse its discretion.

2. Double Jeopardy

Starr argues that his Wells County conviction for burglary and his prior Allen County conviction for corrupt business influence violate Indiana's Double Jeopardy clause. However, Starr pled guilty, and therefore waived his ability to challenge his conviction on double jeopardy grounds. *Mapp v. State*, 770 N.E.2d 332, 334 (Ind. 2002). "[A] defendant with adequate counsel who enters a plea agreement to achieve an advantageous position must keep the bargain." *Games v. State*, 743 N.E.2d 1132, 1135 (Ind. 2001). Allowing a defendant to challenge a conviction on appeal after pleading guilty and receiving a benefit discourages the practice of plea bargaining to expedite the trial process. *Mapp*, 770 N.E.2d at 334, n. 3. The appropriate means of challenging a conviction after pleading is a petition for post-conviction relief. *Kling v. State*, 837 N.E.2d 502, 504 (Ind. 2005). Accordingly, we will not review Starr's double jeopardy claim.

Affirmed.

FRIEDLANDER, J., and MATHIAS, J., concur.