## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Oct 14 2015, 9:52 am

*Kevin S. Smith*

**CLERK**
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT

Matthew D. Barrett
Fulton County Public Defender
Logansport, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Justin F. Roebel
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| William B. Scroggs,<br>*Appellant-Defendant,*<br><br>v.<br><br>State of Indiana,<br>*Appellee-Plaintiff* | October 14, 2015<br><br>Court of Appeals Case No.<br>25A03-1504-CR-126<br><br>Appeal from the Fulton Superior Court<br><br>The Honorable Wayne E. Steele, Judge<br><br>Trial Court Cause No.<br>25D01-1111-MR-753 |

**Baker, Judge.**

[1] William Scroggs appeals his convictions for Murder,[1] a felony, and Burglary,[2] a class B felony. Scroggs contends that his burglary conviction should be vacated on double jeopardy grounds. Additionally, Scroggs argues that the sentence imposed by the trial court is inappropriate in light of the nature of the offenses and his character. Finding that Scroggs waived the double jeopardy argument by pleading guilty to these offenses and that the sentence is not inappropriate, we affirm.

## Facts

[2] On November 22, 2011, Scroggs met up with Roy Bell and Jason Miller to commit a burglary because it was "the easiest way to get [more] drugs." Appellant's App. p. 33. Scroggs drove Bell and Miller to the residence of Wilma Upsall, an eighty-two-year-old woman in the early stages of dementia. Scroggs waited in the vehicle outside the residence while Bell and Miller broke and entered. They forced Upsall to sit in a chair and tied her up with a phone cord. Bell shot and killed Upsall because she had seen his face and would be able to identify him. Leaving Upsall's tied-up body for her family to discover, Scroggs drove away with Bell and Miller in the vehicle. They had stolen multiple firearms and 1,000 rounds of ammunition from Upsall's residence.

---

[1] Ind. Code § 35-42-1-1.

[2] Ind. Code § 35-43-2-1.

[3]     After Upsall's murder was reported to the police, someone with secondhand knowledge came forward and told law enforcement officials that Scroggs, Bell, and Miller may have been involved. Police eventually attempted to stop the vehicle containing the three men. Scroggs, who was still driving, led police in a high speed chase that ended when Scroggs crashed the vehicle into a drainage ditch. The three men then led the police in a foot chase but were apprehended shortly thereafter. Three handguns were found in Scroggs's vehicle. After being arrested, Scroggs denied involvement in the burglary and murder until confronted with evidence of his guilt.

[4]     On November 28, 2011, the State charged Scroggs with murder, class A felony burglary, and class A felony robbery, later adding a charge of class D felony criminal confinement. On March 11, 2015, Scroggs entered into a plea agreement pursuant to which he agreed to plead guilty to murder and class B felony burglary in exchange for dismissal of the remaining charges. In the plea agreement, Scroggs agreed that "he committed the crimes of Burglary as a Class B felony and felony Murder" and that "a judgment of conviction will be entered for each of the offenses admitted." Appellant's App. p. 19. On March 31, 2015, the trial court sentenced Scroggs to concurrent terms of sixty years imprisonment for murder and twenty years imprisonment for burglary. Scroggs now appeals.

# Discussion and Decision

## I. Double Jeopardy

[5] Scroggs first argues that his convictions for murder and burglary violate double jeopardy principles. Although he attempts to frame this argument as a sentencing issue, it is well established that a double jeopardy claim challenges the validity of the convictions—not the sentences. *See Kovats v. State*, 982 N.E.2d 409, 414-15 (Ind. Ct. App. 2013) (noting that "if the trial court does enter judgment of conviction [on two offenses barred by double jeopardy principles] . . . then simply merging the offenses [for the purposes of sentencing] is insufficient and vacation of the offense is required").

[6] As a general rule, a defendant waives any right to a double jeopardy claim by pleading guilty. *Mapp v. State*, 770 N.E.2d 332, 334 (Ind. 2002) (holding that the defendant waived the right to challenge a plea agreement on double jeopardy grounds and there is no exception even for facially duplicative charges). In this case, specifically, Scroggs explicitly waived his right to raise this claim on direct appeal, given that he agreed that he had committed the two offenses and that "a judgment of conviction will be entered for each of the offenses committed." Appellant's App. p. 19. Scroggs also explicitly waived

his right to appeal his convictions. *Id.* Therefore, he has waived this argument and we decline to address it.[3]

## II.  Sentence

[7] Scroggs also argues that the sixty-year sentence imposed by the trial court for the murder conviction is inappropriate in light of the nature of the offenses and his character. Indiana Appellate Rule 7(B) provides that this Court may revise a sentence if it is inappropriate in light of the nature of the offense and the character of the offender. We must "conduct [this] review with substantial deference and give 'due consideration' to the trial court's decision—since the 'principal role of [our] review is to attempt to leaven the outliers,' and not to achieve a perceived 'correct' sentence . . . ." *Knapp v. State*, 9 N.E.3d 1274, 1292 (Ind. 2014) (quoting *Chambers v. State*, 989 N.E.2d 1257, 1259 (Ind. 2013)) (internal citations omitted).

[8] A person convicted of murder faces a sentence of forty-five to sixty-five years imprisonment, with an advisory term of fifty-five years. Ind. Code § 35-50-2-3. Here, the trial court sentenced Scroggs to a term of sixty years imprisonment.

[9] As to the nature of Scroggs's offenses, he, Bell, and Miller made a premeditated plan to commit burglary with the sole aim of funding their drug habit. On the

---

[3] The State acknowledges that double jeopardy principles prohibit judgments of conviction on both a felony murder conviction and a conviction for the underlying felony. It correctly points out, however, that any argument regarding the convictions may now only be raised through an appropriate post-conviction claim.

day of the burglary and murder, Scroggs used methamphetamine, heroin, and prescription pain medication for which he did not have a prescription. Scroggs's co-actors broke and entered the house and tied its elderly occupant to a chair with a phone cord. Upsall was not only elderly, she was suffering from the early stages of dementia. They stole multiple firearms and 1,000 rounds of ammunition from the residence, and eventually shot Upsall multiple times because she had seen their faces and would be able to identify them. They left Upsall's body tied in the chair for her family to discover. Later, Scroggs led police on a "massive" manhunt, a high speed vehicle chase, and a foot chase after the vehicle crashed. Appellant's App. p. 23. After being arrested, Scroggs was uncooperative and dishonest with law enforcement until being confronted with evidence of his guilt. We do not find that the nature of the offenses aids Scroggs's sentencing argument.

[10] As to Scroggs's character, he has been using illegal drugs since the age of fifteen. Rather than seeking treatment for his addictions, he has chosen to steal from other people to support his substance abuse habits. Scroggs dropped out of high school and was unemployed at the time he committed these crimes. While he pleaded guilty, the decision to do so was largely pragmatic given that one of his co-actors had already been convicted by overwhelming evidence and that Scroggs received a significant benefit for his guilty plea with the State's agreement to refrain from pursuing a sentence of life without parole. While Scroggs does not have a prior criminal history, his character is far from that of a model citizen.

[11]     Although Scroggs is perhaps not the worst of the worst offenders, the nature of these offenses is particularly heinous. These three men preyed upon an extremely vulnerable member of our society solely to feed their drug habit. They executed her senselessly and callously. They evaded and later fled from law enforcement. Scroggs did not receive the maximum possible term of sixty-five years; instead, the trial court imposed a sentence slightly higher than the advisory term and slightly lower than the maximum. We see no error in this sentence. We do not find that the sentence imposed by the trial court is inappropriate in light of the nature of the offenses and Scroggs's character.

[12]     The judgment of the trial court is affirmed.

Bailey, J., and Mathias, J., concur.