## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Nov 30 2016, 8:57 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

T. Andrew Perkins
Peterson Waggoner & Perkins, LLP
Rochester, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Lyubov Gore
Deputy Attorney General
Indianapolis, Indiana

## IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Zachary Clark,<br>*Appellant-Defendant,*<br><br>v.<br><br>State of Indiana,<br>*Appellee-Plaintiff.* | November 30, 2016<br><br>Court of Appeals Case No.<br>25A05-1606-CR-1454<br><br>Appeal from the Fulton Superior Court<br><br>The Honorable Wayne E. Steele, Judge<br><br>Trial Court Cause No.<br>25D01-1408-FB-449 |

**Najam, Judge.**

# Statement of the Case

Zachary Clark appeals one of his convictions and his sentence after he pleaded guilty to aggravated battery, as a Class B felony, and involuntary manslaughter, as a Class C felony.  Clark presents two issues for our review:

1.  Whether his convictions violate double jeopardy principles.

2.  Whether his sentence is inappropriate in light of the nature of the offenses and his character.

We affirm.

# Facts and Procedural History

On May 24, 2014, at approximately 9:00 p.m., Clark, who was intoxicated, entered a tavern in Rochester, ordered a drink, and sat in a booth.  The bartender could tell Clark was intoxicated, so she made him a drink with a small amount of alcohol in it and served him.  At some point, Clark passed out and slept for about one hour.  Clark eventually woke up and began vomiting on himself.  Clark then stood up and walked towards a bar employee and struck him with his fist.  Clark then approached Tony Coleman, whom Clark did not know and with whom he had had no prior interactions, and Clark "hit Coleman in the head with his right fist," knocking him to the ground.  State's Ex. 1.  Coleman's mother, Cheri, was there, and she "jumped on Clark" and they fell to the ground, but Clark eventually made his way out of the tavern.  *Id.* Coleman was unconscious on the floor, and someone called 9-1-1.  Emergency

responders were unsuccessful in their attempts to help Coleman, and, after he was transported to a nearby hospital, Coleman was pronounced dead. Police officers located Clark at a nearby campground and arrested him. Clark's alcohol concentration was measured at .12 gram per 210 liters of his breath.

[3] The State charged Clark with aggravated battery, as a Class B felony, and involuntary manslaughter, as a Class C felony. On March 15, 2016, Clark pleaded guilty as charged. And on May 24, the trial court sentenced Clark to concurrent sentences of twenty years for aggravated battery and eight years for involuntary manslaughter. In its sentencing statement, the trial court stated as follows:

> (B) That these are the aggravating circumstances: Nature and circumstances of the offense, particularly as to Count 1, where the aggravated battery actually resulted in death of the victim. The attack was unprovoked on a total stranger and [the] victim was blindsided while dining with his mother.
>
> (C) That these are the mitigating circumstances: Minimal criminal history; expressed remorse but actually has no recollection of the events; plea of guilty was more a pragmatic decision as [the] evidence [was] overwhelming; employment and family support.

Order of Judgment of Conviction at 1. This appeal ensued.

# Discussion and Decision

## *Issue One: Double Jeopardy*

Clark first contends that the trial court violated the prohibition against double jeopardy under the Indiana Constitution when it entered judgment of conviction for both aggravated battery and involuntary manslaughter. But, as our supreme court has held, "Defendants waive a whole panoply of rights by voluntarily pleading guilty. These include the right to a jury trial, the right against self-incrimination, the right of appeal, and *the right to attack collaterally one's plea based on double jeopardy*." *Mapp v. State*, 770 N.E.2d 332, 334-35 (Ind. 2002) (emphasis added). Because Clark pleaded guilty to both aggravated battery and involuntary manslaughter, his double jeopardy challenge under the Indiana Constitution is waived. *Id.*

## *Issue Two: Sentence*

Clark also contends that his sentence is inappropriate. Indiana Appellate Rule 7(B) permits an Indiana appellate court to "revise a sentence authorized by statute if, after due consideration of the trial court's decision, the Court finds that the sentence is inappropriate in light of the nature of the offense and the character of the offender." We assess the trial court's recognition or nonrecognition of aggravators and mitigators as an initial guide to determining whether the sentence imposed was inappropriate. *Gibson v. State*, 856 N.E.2d 142, 147 (Ind. Ct. App. 2006). The principal role of appellate review is to "leaven the outliers." *Cardwell v. State*, 895 N.E.2d 1219, 1225 (Ind. 2008). A defendant must persuade the appellate court that his or her sentence has met the

inappropriateness standard of review. *Roush v. State*, 875 N.E.2d 801, 812 (Ind. Ct. App. 2007).

[6] An appellant bears the burden of showing that both prongs of the inquiry favor revision of his sentence. *Childress v. State*, 848 N.E.2d 1073, 1080 (Ind. 2006). Here, Clark contends only that his sentence is inappropriate in light of his character, but he makes no argument regarding the nature of the offenses. Accordingly, we agree with the State that Clark has waived this issue for our review. *See Anderson v. State*, 989 N.E.2d 823, 827 (Ind. Ct. App. 2013), *trans. denied*.

[7] Waiver notwithstanding, Clark's argument on appeal is without merit. Regarding the nature of the offenses, Clark was so intoxicated that he passed out and began vomiting on himself when he woke up. Clark then punched two random people in the tavern, unprovoked, one of whom, Coleman, he killed with one blow to the head. Clark killed Coleman in front of Coleman's mother, who unsuccessfully tried to prevent Clark from fleeing the scene. We cannot say that Clark's sentence is inappropriate in light of the nature of the offenses.

[8] Still, Clark maintains that his sentence should be revised based on his good character. In support of that contention, Clark points out the following: his criminal history consists of a single juvenile adjudication in 2003; he was found to be at a low risk to reoffend; "many individuals" wrote letters of support to the trial court and "most stressed his nonviolent nature"; those individuals stated that Clark has a "history of selflessness" and is "a helpful man with a

good work ethic"; he is "easy-going"; he has a "stable work history"; these offenses were described by friends and family as completely "out of character" for Clark; and he showed remorse in a statement to Coleman's family. Appellant's Br. at 10-12.

[9] The State responds that Clark's juvenile adjudication for minor consuming is "particularly significant in this case because of [his] intoxication during the commission of this offense." Appellee's Br. at 14. And the State points out that: his juvenile adjudication "did not deter [Clark] from continuing to consume alcohol to the point where he passes out and kills someone a decade later"; Clark has admitted that, prior to these offenses, he would drink "6 to 10 beers at a setting [sic]"; Clark's contention that he is a non-violent person "is belied by his actions" in becoming intoxicated to the point of passing out, punching two strangers without provocation, and punching Coleman with such force that he killed him. *Id.* at 14-15; Appellant's App. Vol. III at 14-15. The State also maintains that Clark's behavior "was not that of someone who is a 'family man'" in that Clark was at the tavern in a state of extreme intoxication while his wife was nine-months pregnant and one week away from giving birth to their second child. Appellee's Br. at 16. Finally, the State points out that Clark waited almost two years after Coleman's death to express remorse to the family or plead guilty.

[10] For all of those reasons, we agree with the State that Clark's sentence is not inappropriate in light of his character. The trial court considered all of the evidence regarding Clark's character and imposed the twenty-year aggregate

sentence. We cannot say that, given the nature of the offenses and Clark's character, his sentence is an outlier.

[11] Affirmed.

Bailey, J., and May, J., concur.