# MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Dec 06 2017, 9:26 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Timothy P. Broden
Lafayette, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Monika Prekopa Talbot
Supervising Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Kevin M. Dolick,
*Appellant-Defendant,*

v.

State of Indiana,
*Appellee-Plaintiff.*

December 6, 2017

Court of Appeals Case No.
79A02-1701-CR-21

Appeal from the Tippecanoe Circuit Court.
The Honorable Thomas H. Busch, Judge.
Trial Court Cause No.
79C01-1605-F3-12

**Friedlander, Senior Judge**

[1] Kevin M. Dolick pleaded guilty to dealing in methamphetamine, as a Level 3 felony,[1] and to using a firearm in a controlled substance offense, an enhancement.[2] The six-year sentence he received for the dealing in methamphetamine conviction was enhanced by three years based upon his guilty plea to using a firearm in the commission of the controlled substance offense. The sole issue Dolick raises for our review, restated, is whether the three-year enhancement constituted a double jeopardy violation. We affirm.

[2] On September 16, 2015, Tippecanoe County Drug Task Force Officer Donald Miller was working in an undercover capacity when he conducted a controlled buy from Dolick for two grams of methamphetamine. Officer Miller met Dolick in a parking lot, and Dolick entered the officer's vehicle. Dolick reached into a bag he was carrying, pulled out a revolver, and laid the weapon on his lap. Dolick then pulled a plastic container from the same bag, rummaged through several prepackaged baggies containing methamphetamine, selected a baggie, and gave the baggie to the officer. Officer Miller paid Dolick $200.00 for the methamphetamine. On September 17 and 23, 2015, Officer Miller conducted two more controlled buys from Dolick for methamphetamine.

[3] On May 16, 2016, the State charged Dolick with Level 3 felony dealing in methamphetamine, Level 5 felony possession of methamphetamine, Class A

---

[1] Ind. Code § 35-48-4-1.1(a)(1)(d)(2) (2014).

[2] Ind. Code § 35-50-2-13(a)(1) (2015).

misdemeanor carrying a handgun without a license, two counts of Level 4 felony dealing in methamphetamine, two counts of Level 6 felony possession of methamphetamine, and using a firearm in a controlled substance offense. On November 21, 2016, Dolick signed a plea agreement and pleaded guilty to Level 3 felony dealing in methamphetamine and to using a firearm in a controlled substance offense, an enhancement. The trial court accepted Dolick's guilty plea and dismissed the balance of the charges. Dolick was sentenced to six years for dealing in methamphetamine, enhanced by three years because he admitted to using a firearm during the commission of the controlled substance offense. The trial court suspended three years of Dolick's aggregate nine-year sentence to probation. Dolick appeals.

[4] Dolick contends that the three-year enhancement of his sentence was an "impermissible double enhancement" that constituted a double jeopardy violation under the Indiana Constitution which provides: "No person shall be put in jeopardy twice for the same offense." Appellant's Br. p. 5; Ind. Const. Art. 1, § 14. He argues his convictions and subsequent sentence violate the actual evidence test announced in *Richardson v. State,* 717 N.E.2d 32 (Ind. 1999), which provides:

> [T]wo or more offenses are the "same offense" in violation of Article 1, Section 14 of the Indiana Constitution, if, with respect to *either* the statutory elements of the challenged crimes *or* the actual evidence used to convict, the essential elements of one challenged offense also establish the essential elements of another challenged offense.

*Id.* at 49.  Specifically, according to Dolick, error occurred when the trial court:

> entered judgment of conviction and sentence upon [the dealing in methamphetamine Count] which was elevated to a Level 3 felony by reason of Dolick's possession of a handgun and then enhanced that sentence . . . by an additional 3 year term [sic] based upon Dolick's possession of the same handgun as alleged in Count VIII[, using or possessing a handgun while committing a controlled substance offense.]

Appellant's Br. pp. 5-6.  The State argues that Dolick's double jeopardy argument is waived because he pleaded guilty.

[5]   We note that because Dolick's argument focuses on duplicative consideration of the handgun and not of a prior felony, a double enhancement analysis is inapposite, and Dolick's argument is more appropriately addressed as a violation of the double jeopardy clause of the Indiana Constitution.  *See* Ind. Const. Art. 1, § 14; *see also Sweatt v. State*, 887 N.E.2d 81, 83 (Ind. 2008) ("The line of Indiana cases involving the issue of double enhancement reflects an ongoing examination as to when courts may impose more severe sentences on defendants who have proven to be repeat offenders.") (citations omitted).  We cannot entertain this double jeopardy argument, however, because Dolick's guilty plea forecloses it.

[6]   "Defendants waive a whole panoply of rights by voluntarily pleading guilty." *Mapp v. State*, 770 N.E.2d 332, 334-35 (Ind. 2002).  "One consequence of pleading guilty is restriction of the ability to challenge the conviction on direct appeal." *Tumulty v. State*, 666 N.E.2d 394, 395 (Ind. 1996).  This includes

double jeopardy challenges, *Games v. State*, 743 N.E.2d 1132 (Ind. 2001), without exception for even "'facially duplicative' charges." *Mapp*, 770 N.E.2d at 334.

[7] Dolick had a choice to either plead guilty to Level 3 felony dealing in methamphetamine and using a firearm in a controlled substance offense or proceed to trial on eight criminal counts that included dealing and possession of methamphetamine and carrying a handgun without a license. Dolick chose to enter into the plea deal. At the guilty plea hearing, the trial court explained to Dolick that by pleading guilty, he was waiving any argument that he might have that he "[could not] be punished twice for having a firearm." Guilty Plea Tr. p. 12. Dolick indicated that he understood this. Dolick was told that the sentencing range for a Level 3 felony is between three and sixteen years, that the maximum sentencing enhancement for using a firearm is five years, and that Dolick would "serve both these two counts one at a time because the enhancement adds on to the basic charge." *Id*. at 15. In return for his guilty plea, the prosecution agreed to dismiss all remaining counts against Dolick. In its sentencing order, the trial court found as a mitigating factor that Dolick "has pled guilty [sic] taken responsibility for his crime . . . ." Appellant's App. Vol. 2 p. 11.

[8] By pleading guilty, Dolick benefited from a bargain. We are now bound to hold him to the bargain. *See Games*, 743 N.E.2d at 1135 (explaining that a defendant who enters plea agreement to achieve advantageous position must

keep the bargain). Dolick has waived his claim of double jeopardy. His convictions and sentence are affirmed.

[9] Judgment affirmed.

May, J., and Barnes, J., concur.