## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Sep 17 2018, 8:47 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

R. Brian Woodward
Crown Point, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

George P. Sherman
Supervising Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Donnell Howard, Jr.,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff.*

September 17, 2018

Court of Appeals Case No.
18A-CR-344

Appeal from the Lake Superior
Court

The Honorable Diane Ross Boswell,
Judge

Trial Court Cause No.
45G03-1702-F3-10

**Barteau, Senior Judge.**

## Statement of the Case

[1]     Donnell Howard, Jr., appeals his convictions and sentence following his guilty plea to charges of resisting law enforcement resulting in the death of another

person, a Level 3 felony,[1] and resisting law enforcement resulting in serious bodily injury to another person, a Level 5 felony.[2] We affirm.

## Issues

Howard raises three issues, which we restate as:

1. Whether Howard's convictions violate federal and state constitutional prohibitions of double jeopardy.
2. Whether the trial court abused its discretion while sentencing Howard.
3. Whether Howard's sentence is inappropriate in light of the nature of the offenses and his character.

## Facts and Procedural History

On February 15, 2017, thirty-one-year old Howard and his companion, Jessica Pichon, arrived at a grocery store in East Chicago, Lake County, Indiana. Pichon entered the store, picked up a case of beer, and fled to Howard's vehicle without paying. She jumped in and shouted at Howard to "go, go, go!" as a police officer chased her. Appellant's App. Vol. 2, p. 32. The officer, who was in full uniform, ordered Howard to stop, but Howard refused and drove forward even though the officer had grabbed a door handle. The officer let go as Howard sped away.

---

[1] Ind. Code § 35-44.1-3-1 (2016).

[2] Ind. Code § 35-44.1-3-1.

[4] Several officers followed Howard with their emergency lights and sirens activated, but he did not stop. Howard fled for several miles to Hammond, Indiana, where he entered an intersection and crashed into a vehicle driven by Theresa Paramo. Paramo had a passenger: her thirteen-year-old granddaughter, Juliana Chambers. Chambers died in the crash and Paramo was critically injured. After the crash, Howard attempted to flee on foot but was captured.

[5] The State charged Howard with resisting law enforcement as a Level 3 felony; resisting law enforcement as a Level 5 felony; reckless homicide, a Level 5 felony; resisting law enforcement as a Level 6 felony; resisting law enforcement as a Class A misdemeanor; and theft, a Class A misdemeanor. The parties executed a plea agreement. According to the agreement, Howard would plead guilty to resisting law enforcement resulting in death, a Level 3 felony, and resisting law enforcement resulting in serious bodily injury, a Level 5 felony. In exchange, the State agreed to dismiss the remaining charges. Sentencing would be left to the trial court, with the parties free to present argument, including whether the sentences for the two offenses "shall be run concurrent or consecutive to each other." *Id.* at 29.

[6] The agreement further provided: "The Defendant has been informed by his attorney as to the nature and cause of every accusation against the Defendant, and that the attorney for the Defendant has consulted and advised the Defendant with regard to such matters and as to any possible defense which the defendant [sic] might have in this case." *Id.* at 28. In addition, "The Defendant

also understands that by pleading guilty he will not have the right to directly appeal the conviction(s), but may appeal the sentence imposed . . . ." *Id.* at 30.

[7] The trial court accepted the plea agreement, entered a judgment of conviction for the two counts of resisting law enforcement as Level 5 and Level 3 felonies, and dismissed the remaining counts upon the State's motion. The court imposed a sentence of ten years for the Level 5 felony and five years for the Level 3 felony, to be served consecutively for a total sentence of fifteen years. This appeal followed.

# Discussion and Decision

## 1. Double Jeopardy - Waiver

[8] Howard argues his two convictions for resisting law enforcement violate his federal and state constitutional protections against double jeopardy. He claims that one of his convictions must be vacated because the offenses arose from the same wrongful act.

[9] The State responds that Howard waived his right to present double jeopardy claims on appeal because he executed a plea agreement. We agree with the State. "Plea bargaining is a tool used by both prosecutors and defendants to expedite the trial process." *Mapp v. State*, 770 N.E.2d 332, 334 (Ind. 2002). "Defendants who plead guilty to achieve favorable outcomes in the process of bargaining give up a plethora of substantive claims and procedural rights." *Games v. State*, 743 N.E.2d 1132, 1135 (Ind. 2001). A defendant who enters a

plea agreement to achieve an advantageous position must keep the bargain. *Kunberger v. State*, 46 N.E.3d 966, 971 (Ind. Ct. App. 2015).

[10] In *Mapp*, the defendant pled guilty to possession of cocaine with intent to deliver and knowingly delivering cocaine, both Class B felonies. 770 N.E.2d at 333. Mapp attempted to claim on appeal that the convictions amounted to double jeopardy because they arose from the same act. The Indiana Supreme Court noted that Mapp received a benefit from the plea agreement because one of the charges was reduced from a Class A felony to a Class B felony. The Court held that Mapp "waived his right to challenge his conviction on double jeopardy grounds when he entered his plea agreement." *Id.* at 334. "To hold otherwise would deprive both prosecutors and defendants of the ability to make precisely the kind of bargain that was made here." *Id.* at 335.

[11] In Howard's case, he received a substantial benefit from the plea agreement, specifically the dismissal of four other charges, including two felonies. He stated in the agreement that he had discussed each offense and possible defense with his attorney and understood he waived his right to appeal his convictions. Further, the parties agreed that they were free to argue to the trial court whether Howard should serve his sentences concurrently or consecutively. To allow Howard to present a double jeopardy claim on appeal would deprive the State of its benefit in entering the plea agreement.

[12] Howard cites to *Crider v. State*, 984 N.E.2d 618 (Ind. 2013), and *Edmonds v. State*, 86 N.E.3d 414 (Ind. Ct. App. 2017), *trans. granted*, in support of his claim.

Those cases are factually dissimilar. In *Crider*, the defendant claimed that the trial court illegally ordered the defendant to serve consecutive habitual offender sentences, an issue that was not addressed by the parties' plea agreement. By contrast, in the current case Howard explicitly agreed in the plea agreement that the parties would be free to argue concurrent versus consecutive sentences at sentencing. *Edmonds* has been vacated by the Indiana Supreme Court, and in addition it involved an appeal after a jury trial, not a plea agreement.[3] We conclude Howard has waived his double jeopardy claims.

## 2. Sentencing – Trial Court Discretion

[13] Howard claims the trial court failed to adequately explain how it calculated his sentence. The Indiana General Assembly has determined:

> A court may impose any sentence that is:
>
> (1) authorized by statute; and
>
> (2) permissible under the Constitution of the State of Indiana; regardless of the presence or absence of aggravating circumstances or mitigating circumstances.

Ind. Code § 35-38-1-7.1(d) (2015). In the course of selecting a sentence, "if the court finds aggravating circumstances or mitigating circumstances, [the court

---

[3] The Indiana Supreme Court issued its decision in *Edmonds v. State*, 100 N.E.3d 258 (Ind. 2018), after the briefs were filed in this case. The Court determined in *Edmonds* that where a single act of resisting law enforcement results in the death of one person and serious bodily injury to others, the defendant may only be punished for the highest chargeable offense. As is noted above, *Edmonds* is factually distinguishable from this case because Howard pleaded guilty pursuant to a plea agreement, but Edmonds appealed after a jury trial.

shall issue] a statement of the court's reasons for selecting the sentence that it imposes." Ind. Code § 35-38-1-3 (1983).

[14]     When imposing a sentence for a felony offense, the trial court must issue "a reasonably detailed recitation of the trial court's reasons for imposing a particular sentence." *Anglemyer v. State*, 868 N.E.2d 482, 490 (Ind. 2007), *clarified on reh'g*, 875 N.E.2d 218 (2007). We review the sentence for an abuse of discretion. *Sloan v. State*, 16 N.E.3d 1018, 1026 (Ind. 2014). The trial court abuses its discretion by (1) failing to issue a sentencing statement, (2) finding aggravating or mitigating factors that are not supported by the record, (3) omitting factors that are clearly supported by the record and advanced for consideration, (4) or by finding factors that are improper as a matter of law. *Anglemyer*, 868 N.E.2d at 490-91.

[15]     By statute, the maximum sentence for a Level 3 felony is sixteen years, the minimum sentence is three years, and the advisory sentence is nine years. Ind. Code § 35-50-2-5 (2014). Further, the maximum sentence for a Level 5 felony is six years, the minimum sentence is one year, and the advisory sentence is three years. Ind. Code § 35-50-2-6 (2014). Here, the court imposed enhanced sentences of ten years for the Level 3 felony and five years for the Level 3 felony, and further ordered the sentences served consecutively.

[16]     The court stated consecutive sentences were necessary because "there are two victims in this matter, and each victim deserves justice." Tr. Vol. 2, p. 41. It is well established that "enhanced and consecutive sentences seem necessary to

vindicate the fact that there were separate harms and separate acts against more than one person." *Serino v. State*, 798 N.E.2d 852, 857 (Ind. 2003). Further, "the same factors may be used to enhance a presumptive sentence and to justify consecutive sentences." *Kilpatrick v. State*, 746 N.E.2d 52, 62 (Ind. 2001). The trial court did not abuse its discretion in ordering enhanced, consecutive sentences because there were two victims in this case.

[17] Howard argues the trial court erroneously overlooked his guilty plea as a mitigating factor. An allegation that the trial court failed to identify or find a mitigating factor requires the defendant to establish that the mitigating evidence is not only supported by the record but also that the mitigating evidence is significant. *Anglemyer*, 875 N.E.2d at 220-21, *on reh'g*. The trial court is not required to find mitigating factors, nor is it obligated to accept as mitigating each of the circumstances proffered by the defendant. *Green v. State*, 65 N.E.3d 620, 636 (Ind. Ct. App. 2016), *trans. denied*. A guilty plea may not be significantly mitigating when the defendant receives a substantial benefit in return for the plea. *Anglemyer*, 875 N.E.2d at 221, *on reh'g*.

[18] Here, Howard received a substantial benefit from his guilty plea. The State agreed to dismiss four other charges, including two felonies. We conclude Howard's guilty plea was not a significant mitigating circumstance and the trial court did not abuse its discretion by omitting reference to it. *See id*. (no abuse of discretion in failing to find guilty plea was mitigating factor; defendant received sentence reduction and dismissal of other charges in exchange for plea).

# 3. Sentencing - Appropriateness

[19] Howard next argues that the Court should exercise its constitutional power to review his sentences and reduce them to the advisory sentences, to be served concurrently. Even when a trial court has acted within its sentencing discretion, article VII, section 6 of the Indiana Constitution authorizes this Court to review and revise sentences. This authority is implemented through Indiana Appellate Rule 7(B), which provides that we "may revise a sentence authorized by statute if, after due consideration of the trial court's decision, [we find] that the sentence is inappropriate in light of the nature of the offense and the character of the offender."

[20] We assess the trial court's recognition or non-recognition of aggravating factors as an initial guide to determining whether the sentence imposed was appropriate. *Caraway v. State*, 977 N.E.2d 469, 472 (Ind. Ct. App. 2012), *trans. denied*. As we conduct our review, we also consider any other factors appearing in the record. *Walters v. State*, 68 N.E.3d 1097, 1101 (Ind. Ct. App. 2017), *trans. denied*. The appellant bears the burden of demonstrating the sentence is inappropriate. *Id.*

[21] The trial court sentenced Howard to enhanced sentences of ten and five years, to be served consecutively for a total sentence of fifteen years. The nature of the offenses is troubling. As the trial court noted, there were multiple victims. Further, Howard displayed extreme indifference to human life throughout the chase by driving away while an officer held onto a door handle and by

endangering other motorists. After crashing into Theresa Paramo's car, Howard attempted to run away rather than see if the victims needed help. Thirteen-year-old Juliana Chambers died, and Paramo suffered extreme injuries above and beyond what was necessary to satisfy the elements of the offense. Specifically, she had to undergo multiple surgeries to repair a lung and ten broken ribs. In addition, Paramo had been undergoing treatment for cancer, but the treatment was interrupted while she healed from her injuries caused by the collision. The interruption allowed her cancer to resurge.

[22] The evidence also demonstrates Howard has a less than sterling character. As a juvenile, he was adjudicated a delinquent in Illinois for an act that, if committed by an adult, would have constituted residential burglary, a Class 1 felony. As an adult, Howard has accumulated convictions for delivery of a controlled substance, a Class 2 felony (Illinois offense); possession of a controlled substance, a Class D felony; one count of conversion, a Class A misdemeanor; one count of theft, a Class A misdemeanor; and domestic battery, a Class B misdemeanor. Howard steadily accumulated these convictions, committing a new offense every several years. He was placed on probation once but violated the terms. Further, on the day of the accident Howard did not have a driver's license. He told officers he and Pichon had planned to steal the beer to sell it and buy crack. Finally, Howard and Pichon have three children, but on the day of the offenses the children were in the custody of the Indiana Department of Child Services. We conclude from this

record that Howard has failed to demonstrate that his fifteen-year sentence is inappropriate.

## Conclusion

[23] For the reasons stated above, we affirm the judgment of the trial court.

[24] Affirmed.

[25] Najam, J., and Pyle, J., concur.