## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Jul 16 2019, 10:28 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Marietto V. Massillamany
Massillamany Jeter & Carson, LLP
Fishers, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General

George P. Sherman
Supervising Deputy Attorney
General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Quantae A. Johnson, *Appellant-Defendant,* <br><br> v. <br><br> State of Indiana, *Appellee-Plaintiff* | July 16, 2019 <br><br> Court of Appeals Case No. 18A-CR-2836 <br><br> Appeal from the Hamilton Superior Court <br><br> The Honorable Jonathan M. Brown, Judge <br><br> Trial Court Cause No. 29D02-1608-F6-6740 |

**Vaidik, Chief Judge.**

# Case Summary

Quantae A. Johnson appeals the trial court's determination that he violated his community corrections and probation by refusing to testify against his wife at her trial. Because Johnson agreed to testify against his wife in his plea agreement, we affirm the trial court.

# Facts and Procedural History

In 2016, the State charged Johnson with Level 5 felony neglect of a dependent and two counts of Level 6 felony neglect of a dependent for withholding food from two of his children, Qua.J. and Que.J., resulting in their severe malnutrition. *See Johnson v. State*, No. 29A05-1712-CR-2974 (Ind. Ct. App. Jan. 23, 2019). Johnson's wife, Brandee Johnson, was also charged in connection with these events. *See State v. Brandee Johnson*, 30D0l-1801-F5-168.

In November 2017, Johnson and the State entered into a detailed plea agreement under which Johnson would plead guilty to Level 5 felony neglect of a dependent and one count of Level 6 felony neglect of a dependent in exchange for the dismissal of the other count of Level 6 felony neglect of a dependent. In addition, the plea agreement provided that Johnson's sentences would be served consecutively. For the Level 5 felony, the sentence would be six years, with twenty-one months executed "as a direct commitment to Hamilton County Community Corrections Electronic Home Monitoring" and four years and three months suspended (with four years of probation).

Appellant's App. Vol. II p. 129. For the Level 6 felony, the sentence would be 910 days, with 40 days executed in the Department of Correction and 870 days suspended to probation. Finally, the plea agreement set forth "special conditions" of Johnson's probation and community corrections, including that he "testify truthfully" in the State's case against Brandee:

> 8. Shall testify truthfully in *State v. Brandee Johnson* under [30D01-1801-F5-168]. Specifically, the Defendant shall testify that Brandee Johnson is the mother of [Qua.J.] and [Que.J.]. Both boys were dependents of Brandee Johnson. Brandee Johnson did knowingly place both boys in a dangerous situation by withholding food from them. Brandee Johnson further endangered both boys by making them do excessive exercises, either of her own accord or she agreed with the Defendant's actions of making . . . them do the exercises. While there was always sufficient food in the home to feed and provide sufficient nutrition to both [Qua.J.] and [Que.J.], Brandee Johnson (with Defendant's complicity) routinely withheld the nourishment as a form of punishment. This lack of proper nutrition endangered the lives of both [Qua.J.] and [Que.J.]. (The State will not charge the Defendant with perjury based upon the statements made prior to the guilty [plea] that might be construed to contradict the statements contained in this paragraph.)

*Id.* at 129, 130. The trial court accepted the plea agreement and sentenced Johnson in accordance with its terms. *See id.* at 138-40. Condition 8 above was specifically included in the terms of Johnson's community corrections and probation. *Id.* at 143, 165.

[4] A jury trial was held in Brandee's case on May 21, 2018. Johnson, however, did not testify at her trial. Tr. p. 5. Thereafter, a notice of non-compliance with

community corrections and a notice of probation violation were filed against Johnson. Both notices alleged that Johnson did not testify at Brandee's trial. Following a hearing, the trial court found that Johnson violated both community corrections and probation. Appellant's App. Vol. III p. 17. The court ordered Johnson to "serve 2,685 days in the [DOC], less credit time [and] 1 year suspended to 1 year probation under all of the terms previously ordered." *Id.* at 18.

[5]     Johnson now appeals.

# Discussion and Decision

[6]     Johnson contends that the trial court erred in finding that he violated both community corrections and probation because the condition that he testify truthfully against Brandee was "improper" as it violated his Fifth Amendment right not to incriminate himself and was not reasonably related to his rehabilitation. Appellant's Br. p. 7. In support of his argument that this was an improper condition, Johnson cites *Carroll v. State*, 740 N.E.2d 1225 (Ind. Ct. App. 2000). In that case, the defendant was convicted following a jury trial, and the trial court placed him on probation. One of the terms of the defendant's probation required him to "give a clean-up statement." *Id.* at 1228. On appeal, the defendant challenged this probation condition, arguing that because it "was not coupled with a grant of immunity," any statement given by him "could result in his prosecution for other offenses." *Id.* at 1233. We found that this "unilaterally imposed" probation condition was improper because it

was not related to the defendant's rehabilitation. *Id.* at 1234. Importantly however, we emphasized that such provisions are "commonly and properly included in negotiated plea agreements" but that this condition was "not negotiated and agreed upon" by the defendant. *Id.*

[7] As the State points out, Johnson specifically agreed to testify against Brandee as part of his negotiated plea agreement. This fact alone distinguishes this case from *Carroll* and the other cases cited by Johnson on appeal. "Defendants waive a whole panoply of rights by voluntarily pleading guilty," including the right against self-incrimination. *Mapp v. State*, 770 N.E.2d 332, 334-35 (Ind. 2002). In addition, once a plea agreement is accepted by the trial court, it is binding upon all parties. *Bethea v. State*, 983 N.E.2d 1134, 1144 (Ind. 2013). Because Johnson agreed to testify against his wife as part of his negotiated plea agreement, the trial court properly found that he violated both community corrections and probation when he did not testify at her trial.[1]

[8] Affirmed.

Kirsch, J., and Altice, J., concur.

---

[1] To the extent Johnson argues that the State should have granted him full immunity for his testimony at Brandee's trial, he could have negotiated for such a term in his plea agreement. Notably, Johnson's plea agreement granted him immunity from a perjury charge. Moreover, Johnson's claim of entitlement to full immunity was premised on the fact that an appeal challenging his guilty plea was pending. Johnson posited that if he won his appeal, then he would be "technically an innocent man . . . awaiting trial" and therefore would have incriminated himself by testifying at his wife's trial. Tr. p. 6. Johnson, however, lost his appeal. *See Johnson*, No. 29A05-1712-CR-2974, slip op. at 6 (holding that the trial court did not err by denying Johnson's motion to withdraw his guilty plea).